**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONEYCAT, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| PAYPAL, INC., | ) | **DEMAND FOR A JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MoneyCat, Ltd. ("MoneyCat"), for its complaint against Defendant PayPal, Inc.

("PayPal"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*,

for infringement by PayPal of patents owned by MoneyCat.

**THE PARTIES**

2.      MoneyCat is incorporated under the laws of the State of Israel and its registered

address is in Omer, Israel.

3.      On information and belief, PayPal is a corporation organized and existing under

the laws of the State of Delaware and maintains a principal place of business at eBay Park North,

2211 North First Street, San Jose, California 95131.

4.      Generally speaking PayPal operates electronic payment systems, products and

services that allow businesses and individual users to send, receive and otherwise use funds over

a network.

{00773052;v1 }

5.     On information and belief, PayPal is a wholly-owned subsidiary of eBay Inc., a corporation organized and existing under the laws of the State of Delaware.  According to PayPal's website, PayPal was born in October 1999.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

7.     This Court has personal jurisdiction over PayPal as it incorporated in the State of Delaware and pursuant to the Due Process Clause of the United States Constitution and Delaware's long-arm statute by virtue of PayPal's manufacture, use, operation, sale, offering for sale, marketing, promotion and/or distribution of its electronic payment systems, products and services throughout the State of Delaware.  It is reasonable to expect that such systems, products and services will also continue to enter and be used by consumers in Delaware.  PayPal thus has and continues to purposefully avail itself of the privilege of doing business in this judicial district and maintains such continuous and systematic contacts so as to authorize this Court's exercise of personal jurisdiction over PayPal in this matter.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein have occurred and are occurring in this judicial district.  Venue also is proper under 28 U.S.C. §§ 1391(b)(1) and 1400(b) because PayPal is subject to personal jurisdiction in this judicial district and is incorporated in the State of Delaware.  PayPal therefore "resides" in this judicial district as that term is defined in 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

9.      On September 15, 2009, United States Patent No. 7,590,602 B1, entitled "Electronic Currency, Electronic Wallet Therefor and Electronic Payment Systems Employing Them," (the "'602 patent") was duly and lawfully issued by the United States Patent & Trademark Office to Dr. Kfir Luzzatto as the sole inventor.  The '602 patent claims priority to three Israel national applications filed on August 26, 1999, August 31, 1999 and November 14, 1999.

10.      The '602 patent relates generally to electronic currency, methods for effecting electronic currency transactions and systems for effecting electronic payments over a network.

11.      MoneyCat is the owner by assignment of all right, title and interest in and to the '602 patent, including all rights arising thereunder, such as the right to bring suit and recover damages for past infringement.

12.      The '602 patent has been reexamined by the United States Patent and Trademark Office on two occasions.  Reexamination Request No. 90/011,988 ("the '988 request") was filed on October 31, 2011, for which the Office issued an *Ex Parte* Reexamination Certificate on January 24, 2013 confirming the patentability of '602 patent method claims 1–6 as issued and system claims 7–11 as amended.  Reexamination Request No. 90/012,607 ("the '607 request") was filed on September 14, 2012, for which the Office issued an *Ex Parte* Reexamination Certificate on December 14, 2012 confirming the patentability of all '602 patent claims 1–11 as issued.  A true and correct copy of the '602 patent, with Reexamination Certificates, is attached hereto as Exhibit A.

13.      On June 5, 2012, United States Patent No. 8,195,578 B2, entitled "Electronic Currency, Electronic Wallet Therefor and Electronic Payment Systems Employing Them," (the

"'578 patent") was duly and lawfully issued by the United States Patent & Trademark Office to Dr. Kfir Luzzatto as the sole inventor.

14.     The '578 patent is a continuation of the '602 patent and relates generally to electronic currency, methods for effecting electronic currency transactions and systems for effecting electronic payments over a network.

15.     MoneyCat is the owner by assignment of all right, title and interest in and to the '578 patent, including all rights arising thereunder, such as the right to bring suit and recover damages for past infringement.

16.     The '578 patent has been reexamined once by the United States Patent and Trademark Office.  Reexamination Request No. 90/012,615 ("the '615 request") was filed on September 14, 2012, for which the Office issued an *Ex Parte* Reexamination Certificate on July 30, 2013 confirming the patentability of all '578 patent claims 1–23 as amended.  A true and correct copy of the '578 patent, with its Reexamination Certificate, is attached hereto as Exhibit B.

17.     On November 1, 2011, United States Patent No. 8,051,011 B2, entitled "Electronic Currency, Electronic Wallet Therefor and Electronic Payment Systems Employing Them," (the "'011 patent") was duly and lawfully issued by the United States Patent & Trademark Office to Dr. Kfir Luzzatto as the sole inventor.

18.     The '011 patent is a divisional of the '602 patent and relates generally to electronic currency, methods for effecting electronic currency transactions and systems for effecting electronic payments over a network.

19.     MoneyCat is the owner by assignment of all right, title and interest in and to the '011 patent, including all rights arising thereunder, such as the right to bring suit and recover damages for past infringement.

20.     *Ex parte* reexamination of the '011 patent was requested by a third party on September 14, 2012, docketed as Reexamination Request No. 90/012,609 ("the '609 request"). The United States Patent and Trademark Office denied this request on November 23, 2012. A true and correct copy of the '011 patent is attached hereto as Exhibit C.

## NOTICE OF MONEYCAT'S PATENTS

21.     PayPal has had actual knowledge of the '602 patent since at least August 30, 2010 when MoneyCat filed a complaint for infringement of the '602 patent against PayPal in this judicial district, styled as *MoneyCat Ltd. v. PayPal, Inc*., Case No. 1:10-cv-00736-JBS-JS (D. Del. 2010), hereinafter the "Litigation." PayPal was served with the Complaint in the Litigation on August 30, 2010 and its counsel made an appearance in the Litigation (via a request for an extension of time to respond to the Complaint) on September 7, 2010. The Litigation was voluntarily dismissed without prejudice on October 18, 2010 before PayPal responded to the complaint.

22.     On information and belief, PayPal monitored the '602 patent following the dismissal of the Litigation.

23.     On information and belief, PayPal filed or instigated directly or indirectly through other parties at least one *ex parte* reexamination request against the '602 patent, or funded directly or indirectly all or part of at least one such request, or otherwise monitored or was informed of such request.

24.     On information and belief, PayPal has also had actual knowledge of the '578 patent's application, no. 12/539,141 ("the '141 application"), and the '011 patent's application, no. 12/539,181 ("the '181 application"), since at least August 30, 2010.  The '141 and '181 applications were both filed on August 11, 2009 and were pending before the United States Patent and Trademark Office as related applications of the '602 patent at the time the Litigation was filed.

25.     On information and belief, PayPal has also had actual knowledge of the '578 and '011 patents since approximately June 2012 and November 2011, respectively.  Notwithstanding the Litigation dismissal, on information and belief, PayPal also monitored the prosecution of the '141 and '181 applications since at least August 30, 2010 and was generally aware of when each application issued into the respective '578 and '011 patents.  For example, on information and belief, PayPal filed, or instigated directly or indirectly through other parties and directly or indirectly funded all or  part of and/or monitored and/or was informed of at least one reexamination request against the '578 patent on September 14, 2012, namely the '615 request, and at least one reexamination request against the '011 patent on September 14, 2012, namely the '609 request.

## COUNT I

## INFRINGEMENT OF THE '602 PATENT

26.     MoneyCat incorporates by reference the allegations in each of the paragraphs above, as if fully set forth herein.

27.     On information and belief, PayPal has been directly infringing, and continues to directly infringe, one or more claims of the '602 patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling or importing into the United States

electronic payment systems, products and services covered by the '602 patent, and practicing one or more methods claimed in the '602 patent.

28.     PayPal's acts of infringement have occurred within this judicial district and elsewhere throughout the United States in violation of 35 U.S.C. § 271.

29.     PayPal's acts of infringement of one or more claims of the '602 patent have taken place, and continue to take place, with actual or legal knowledge of the '602 patent and infringement thereof.  For example, PayPal has had actual knowledge of the '602 patent and its infringement of the '602 patent claims since at least August 30, 2010 when MoneyCat filed the Litigation in this judicial district.

30.     On information and belief, PayPal has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '602 patent, literally and/or under the doctrine of equivalents, by inducing others to make, use, offer for sale, sell and/or import into the United States electronic payment systems, products and services covered by the '602 patent and/or to practice one or more methods for effecting electronic payment transactions claimed in the '602 patent.

31.     On information and belief, PayPal has knowingly induced the infringement of one or more claims of the '602 patent or at least been willfully blind to the possibility that its inducing acts would cause infringement.  Despite having knowledge of the '602 patent and its infringement, PayPal has continued to induce millions of others (e.g., businesses and/or individuals) to infringe one or more claims of the '602 patent by making available, instructing and encouraging these entities to practice the '602 patent, providing and/or operating its electronic payment system, products and services for use in the State of Delaware and throughout the United States.  According to a PayPal press release, PayPal had 50+ million

active customers in the United States alone as of August 2012 and, on information and belief, continues to increase or at least maintain its U.S. customer base.  PayPal indicates at www.paypal-media.com that its annual revenues continue to grow and that its PayPal systems, products and/or services currently have 132 million registered accounts worldwide, are available in 193 markets and support payments in 25 currencies, including the United States dollar.

32.     On information and belief, PayPal knew or should have known that the use of its electronic payment system, products and services by millions of users in the United States would induce actual infringements of the '602 patent claims.  On information and belief, PayPal has analyzed the '602 patent disclosure and claims.  As described in its Annual Reports, PayPal understands that its systems, products and/or services provide an online payment platform located at www.paypal.com that enables users to securely send and receive payments online, as relevant to the '602 patent claims.  The PayPal system, as detailed at https://cms.paypal.com/va/cgi-bin/?cmd=_render-content&content_ID=ua/ServiceDescription_full, receives payment instructions from a first user to transfer money to a second user's account and executes that transfer using electronic money issued by PayPal, also as relevant to the '602 patent claims.  On information and belief, a currency exchange by the PayPal system involves a process that includes deleting or marking as used a certain amount of electronic money from a first user account and transmitting new electronic money to the second user's account, without using encryption keys between the users, again as relevant to the '602 patent claims.

33.     On information and belief, in light of knowing that its system infringed one or more claims of the '602 patent, PayPal undertook whether directly or indirectly through other parties to prepare and file one or more reexamination requests against the '602 patent (e.g., the

'988 and '607 requests), or funded directly or indirectly all or part of at least one such request, in an attempt to invalidate the claims of the '602 patent.

34.     On information and belief, PayPal nonetheless has and continues to specifically encourage use of its electronic payment system, products and services covered by the '602 patent.  On information and belief, PayPal and/or tens of millions of users in the United States put the PayPal system into use millions of times per day.  As a result of PayPal's actions, the '602 patent claimed inventions are practiced numerous times per day.  Through a user device, such as a personal computer or mobile device, a first user accesses the PayPal system through the Internet, requests that funds be transferred to another user and causes the elements of the PayPal system to work as relevant to the '602 patent claims.  In this respect, PayPal knew or should have known that the ability of users and/or one or more other entities to put the '602 patent claimed invention into service, causing the PayPal system to execute currency exchanges using electronic money, would induce infringement of the '602 patent claims within this judicial district and throughout the United States.

35.     On information and belief, PayPal has also been indirectly infringing, and continues to indirectly infringe, one or more claims of the '602 patent, literally and/or under the doctrine of equivalents, by contributing to the direct infringement of the '602 patent.  As stated above, PayPal has had actual knowledge of the '602 patent and its infringement thereof since at least August 30, 2010 and, despite such knowledge, has continued to market, use and sell its online payment service to millions of businesses and/or individuals throughout the United States. The PayPal system is to be used in conjunction with user devices and a network, e.g., the Internet, to accomplish online payments and thus, on information and belief, is understood and known by PayPal to be adapted especially for practicing the '602 patent claimed invention.

Furthermore, the PayPal service is not a staple article or commodity of commerce suitable for non-infringing use.  Therefore by offering to sell and/or selling the PayPal service for use in practicing the electronic payment system covered by the '602 patent, PayPal has contributed to the infringement of the '602 patent claims by others.

36.     On information and belief, PayPal since at least August 30, 2012 has continued to make, use, offer for sale, sell or import its electronic payment systems, products and services in this judicial district and throughout the United States with actual knowledge of the '602 patent and despite an objectively high likelihood that such actions infringe one or more claims of the '602 patent.  On information and belief, this risk of infringement was known to PayPal or at least so obvious that it should have been known to PayPal.  For example, on information and belief, PayPal twice sought to invalidate the claims of the '602 patent through *ex parte* reexamination before the United States Patent and Trademark Office.  PayPal's continued infringement of the '602 patent claims since at least August 30, 2010 therefore has been and continues to be intentional, deliberate and willful, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

37.     As a direct and proximate result of PayPal's acts of infringement of the '602 patent, MoneyCat has suffered injury and monetary damages for which it is entitled to equitable relief, as well as monetary relief in no event less than a reasonable royalty to compensate for PayPal's infringement.

## COUNT II

### INFRINGEMENT OF THE '578 PATENT

38.     MoneyCat incorporates by reference the allegations in each of the paragraphs above, as if fully set forth herein.

39.     On information and belief, PayPal has been directly infringing, and continues to directly infringe, one or more claims of the '578 patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling or importing into the United States electronic payment systems, products and services covered by the '578 patent, and practicing one or more methods claimed in the '578 patent.

40.     PayPal's acts of infringement have occurred within this judicial district and elsewhere throughout the United States in violation of 35 U.S.C. § 271.

41.     On information and belief, PayPal has had actual or legal knowledge of the '578 patent and its infringement thereof since approximately June 2012 or, at the very least, some time prior to the filing of this Complaint.  On information and belief, PayPal has known about the '141 application leading to the '578 patent since at least August 30, 2010.  At this time, the '141 application was pending before the United States Patent and Trademark Office as a related application of the '602 patent asserted by MoneyCat against PayPal in the Litigation.  On information and belief, PayPal monitored the prosecution of the '141 application since at least August 2010 and was generally aware of the issuance of the '578 patent in June 2012.  On information and belief, PayPal filed at least one reexamination request, namely the '615 request, against the '578 patent, funded in part at least one such request or otherwise monitored or was aware of such request.

42.     Alternatively, PayPal has had express and actual knowledge of the '578 Patent no later than the filing date of this Complaint.

43.     On information and belief, PayPal has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '578 patent, literally and/or under the doctrine of equivalents, by inducing others to make, use, offer for sale, sell and/or import into the United

States electronic payment systems, products and services covered by the '578 patent and/or to practice one or more methods for effecting electronic currency transactions claimed in the '578 patent.

44.     On information and belief, PayPal has knowingly induced the infringement of one or more claims of the '578 patent or been willfully blind to the possibility that its inducing acts would cause infringement.

45.     Despite knowledge of the '578 patent and its infringement, PayPal has continued to induce millions of others (e.g., businesses and/or individuals) to infringe one or more claims of the '578 patent by making available, instructing and encouraging these entities to practice the '578 patent, providing and/or operating its electronic payment system, products and services for use in the State of Delaware and throughout the United States.  According to a PayPal press release, PayPal had 50+ million active customers in the United States alone as of August 2012 and, on information and belief, continues to increase or at least maintain its U.S. customer base. PayPal indicates at www.paypal-media.com that its annual revenues continue to grow and that its PayPal systems, products and/or services currently have 132 million registered accounts worldwide, are available in 193 markets and support payments in 25 currencies, including the United States dollar.

46.     On information and belief, PayPal knew or should have known that the use of its electronic payment system, products and services by millions of users in the United States would induce actual infringements of the '578 patent claims.  On information and belief, PayPal has analyzed the '578 patent disclosure and claims.  As described in its Annual Reports, PayPal understands that its systems, products and/or services provide an online payment platform located at www.paypal.com that enables users to securely send and receive payments online, as

relevant to the '578 patent claims.  The PayPal system, as detailed at

https://cms.paypal.com/va/cgi-bin/?cmd=_render-

content&content_ID=ua/ServiceDescription_full, receives payment instructions from a first user

to transfer money to a second user's account and executes that transfer using electronic money

issued by PayPal, also as relevant to the '578 patent claims.  On information and belief, a

currency exchange by the PayPal system involves a process that includes deleting or marking as

used a certain amount of electronic money from a first user account and creating electronic

money, again as relevant to the '578 patent claims.

47.     On information and belief, in light of knowing that its system infringed one or

more claims of the '578 patent, PayPal undertook to prepare and file at least reexamination

request against the '578 patent (e.g., the '615 request), or funded in part at least one such request,

in an attempt to invalidate the claims of the '578 patent.

48.     On information and belief, PayPal nonetheless has and continues to specifically

encourage use of its electronic payment system, products and services covered by the '578

patent.  On information and belief, PayPal and/or millions of users in the United States put the

PayPal system into use millions of times per day.  As a result of PayPal's actions, the '578 patent

claimed inventions are practiced numerous times per day.  Through a user device, such as a

personal computer or mobile device, a first user accesses the PayPal system through the Internet,

requests that funds be transferred to another user and causes the elements of the PayPal system to

work as relevant to the '578 patent claims.  In this respect, PayPal knew or should have known

that the ability of users and/or one or more other entities to put the '578 patent claimed invention

into service, causing the PayPal system to execute currency exchanges using electronic money,

would induce infringement of the '578 patent claims within this judicial district and throughout the United States.

49.     On information and belief, PayPal has also been indirectly infringing, and continues to indirectly infringe, one or more claims of the '578 patent, literally and/or under the doctrine of equivalents, by contributing to the direct infringement of the '578 patent.  As stated above, on information and belief, PayPal has had knowledge of the '578 patent since approximately June 2012 and at least some time before the filing of this Complaint and, despite such knowledge, has continued to market, use and sell its online payment service to millions of businesses and/or individuals throughout the United States.  The PayPal system is to be used in conjunction with user devices and a network, e.g., the Internet, to accomplish online payments and thus, on information and belief, is understood and known by PayPal to be adapted especially for practicing the '578 patent claimed invention.  Furthermore, the PayPal service is not a staple article or commodity of commerce suitable for non-infringing use.  Therefore by offering to sell and/or selling the PayPal service for use in practicing the electronic payment system covered by the '578 patent, PayPal has contributed to the infringement of the '578 patent claims by others.

50.     On information and belief, PayPal has continued to make, use, offer for sale, sell or import its electronic payment systems, products and services in this judicial district and throughout the United States with actual knowledge of the '578 patent and despite an objectively high likelihood that such actions infringe one or more claims of the '578 patent.  On information and belief, this risk of infringement was known to PayPal or at least so obvious that it should have been known to PayPal.  For example, on information and belief, PayPal sought to invalidate the claims of the '578 patent through *ex parte* reexamination before the United States Patent and Trademark Office.  PayPal's continued infringement of the '578 patent claims since at least June

2012 therefore has been and continues to be intentional, deliberate and willful, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

51.     As a direct and proximate result of PayPal's acts of infringement of the '578 patent, MoneyCat has suffered injury and monetary damages for which it is entitled to equitable relief, as well as monetary relief in no event less than a reasonable royalty to compensate for PayPal's infringement.

**COUNT III**

**INFRINGEMENT OF THE '011 PATENT**

52.     MoneyCat incorporates by reference the allegations in each of the paragraphs above, as if fully set forth herein.

53.     On information and belief, PayPal has been directly infringing, and continues to directly infringe, one or more claims of the '011 patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling or importing into the United States electronic payment systems, products and services covered by the '011 patent.

54.     PayPal's acts of infringement have occurred within this judicial district and elsewhere throughout the United States in violation of 35 U.S.C. § 271.

55.     On information and belief, PayPal has had actual or legal knowledge of the '011 patent and its infringement thereof since approximately November 2011 or, at the very least, some time prior to the filing of this Complaint.  On information and belief, PayPal has known about the '181 application leading to the '011 patent since at least August 30, 2010.  At this time, the '181 application was pending before the United States Patent and Trademark Office as a related application of the '602 patent asserted by MoneyCat against PayPal in the Litigation.  On

information and belief, PayPal monitored the prosecution of the '181 application since at least

August 2010 and was generally aware of the issuance of the '011 patent in November 2011.  On

information and belief, PayPal filed at least one reexamination request, namely the '609 request,

against the '011 patent, funded in part at least one such request or otherwise monitored or was

aware of such request.

56.     Alternatively PayPal has had express and actual knowledge of the '011 Patent

since no later than the filing date of this Complaint.

57.     On information and belief, PayPal has been indirectly infringing, and continues to

indirectly infringe, one or more claims of the '011 patent, literally and/or under the doctrine of

equivalents, by inducing others to make, use, offer for sale, sell and/or import into the United

States electronic payment systems, products and services covered by the '011 patent.

58.     On information and belief, PayPal has knowingly induced the infringement of one

or more claims of the '011 patent or at the very least been willfully blind to the possibility that its

inducing acts would cause infringement.

59.     Despite knowledge of the '011 patent and its infringement, PayPal has continued

to induce millions of others (e.g., businesses and/or individuals) to infringe one or more claims

of the '011 patent by making available, instructing and encouraging these entities to practice the

'011 patent, providing and/or operating its electronic payment system, products and services for

use in the State of Delaware and throughout the United States.  According to a PayPal press

release, PayPal had 50+ million active customers in the United States alone as of August 2012

and, on information and belief, continues to increase or at least maintain its U.S. customer base.

PayPal indicates at www.paypal-media.com that its annual revenues continue to grow and that its

PayPal systems, products and/or services currently have 132 million registered accounts

worldwide, are available in 193 markets and support payments in 25 currencies, including the United States dollar.

60.     On information and belief, PayPal knew or should have known that the use of its electronic payment system, products and services by millions of users in the United States would induce actual infringements of the '011 patent claims.  On information and belief, PayPal has analyzed the '011 patent disclosure and claims.  As described in its Annual Reports, PayPal understands that its systems, products and/or services provide an online payment platform located at www.paypal.com that enables users to securely send and receive payments online via a communication device, as relevant to the '011 patent claims.  The PayPal system, as detailed at https://cms.paypal.com/va/cgi-bin/?cmd=_render-content&content_ID=ua/ServiceDescription_full, receives payment instructions from a first user to transfer money to a second user's account and executes that transfer using electronic money issued by PayPal, also as relevant to the '011 patent claims.  On information and belief, a currency exchange by the PayPal system involves a process that includes deleting or marking as used a certain amount of electronic money from a first user account and transmitting electronic money to the second user's account, again as relevant to the '011 patent claims.

61.     On information and belief, in light of knowing that its system infringed one or more claims of the '011 patent, PayPal undertook to prepare and file at least reexamination request against the '011 patent (e.g., the '609 request), or funded in part at least one such request, in an attempt to invalidate the claims of the '011 patent.

62.     On information and belief, PayPal nonetheless has and continues to specifically encourage use of its electronic payment system, products and services covered by the '011 patent.  On information and belief, PayPal and/or tens of millions of users in the United States

put the PayPal system into use millions of times per day.  As a result of PayPal's actions, the '011 patent claimed inventions are practiced numerous times per day.  Through a user device, such as a personal computer or mobile device, a first user accesses the PayPal system through the Internet, requests that funds be transferred to another user and causes the elements of the PayPal system to work as relevant to the '011 patent claims.  In this respect, PayPal knew or should have known that the ability of others to put the '011 patent claimed invention into service, causing the PayPal system to execute currency exchanges using electronic money, would induce infringement of the '011 patent claims within this judicial district and throughout the United States.

63.    On information and belief, PayPal has also been indirectly infringing, and continues to indirectly infringe, one or more claims of the '011 patent, literally and/or under the doctrine of equivalents, by contributing to the direct infringement of the '011 patent.  As stated above, on information and belief, PayPal has had knowledge of the '011 patent since approximately November 2011 and at least some time before the filing of this Complaint and, despite such knowledge, has continued to market, use and sell its online payment service to millions of businesses and/or individuals throughout the United States.  The PayPal system is to be used in conjunction with user devices and a network, e.g., the Internet, to accomplish online payments and thus, on information and belief, is understood and known by PayPal to be adapted especially for practicing the '011 patent claimed invention.  Furthermore, the PayPal service is not a staple article or commodity of commerce suitable for non-infringing use.  Therefore by offering to sell and/or selling the PayPal service for use in practicing the electronic payment system covered by the '011 patent, PayPal has contributed to the infringement of the '011 patent claims by others.

64.     On information and belief, PayPal has continued to make, use, offer for sale, sell or import its electronic payment systems, products and services in this judicial district and throughout the United States with actual knowledge of the '011 patent and despite an objectively high likelihood that such actions infringe one or more claims of the '011 patent.  On information and belief, this risk of infringement was known to PayPal or at least so obvious that it should have been known to PayPal.  For example, on information and belief, PayPal sought to invalidate the claims of the '011 patent through *ex parte* reexamination before the United States Patent and Trademark Office.  PayPal's continued infringement of the '011 patent claims since at least June 2012 therefore has been and continues to be intentional, deliberate and willful, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

65.     As a direct and proximate result of PayPal's acts of infringement of the '011 patent, MoneyCat has suffered injury and monetary damages for which it is entitled to equitable relief, as well as monetary relief in no event less than a reasonable royalty to compensate for PayPal's infringement.

## PRAYER FOR RELIEF

WHEREFORE, MoneyCat prays for the following relief against PayPal:

A.     A judgment that PayPal has infringed and is infringing the '602 patent, directly and/or indirectly, literally and/or or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

B.     A judgment that said infringement was and is willful;

C.     A judgment that the '602 patent is not invalid and is enforceable;

D.       An award of all damages sustained as a result of PayPal's infringement of the '602 patent (including a royalty for post-judgment infringement), together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

E.       A permanent injunction enjoining PayPal, its officers, directors, agents, servants, affiliates, employees, successors, assigns, divisions, branches, subsidiaries, parents and all others acting in active concert therewith from infringing, inducing others to infringe and contributing to the infringement of the '602 patent.

F.       An award of increased damages, under 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to MoneyCat, by reason of PayPal's willful infringement of the '602 patent.

G.       A judgment that PayPal has infringed and is infringing the '578 patent, directly and/or indirectly, literally and/or or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

H.       A judgment that said infringement was and is willful;

I.       A judgment that the '578 patent is not invalid and is enforceable;

J.       An award of all damages sustained as a result of PayPal's infringement of the '578 patent (including a royalty for post-judgment infringement), together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

K.       A permanent injunction enjoining PayPal, its officers, directors, agents, servants, affiliates, employees, successors, assigns, divisions, branches, subsidiaries, parents and all others acting in active concert therewith from infringing, inducing others to infringe and contributing to the infringement of the '578 patent.

L.      An award of increased damages, under 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to MoneyCat, by reason of PayPal's willful infringement of the '578 patent.

M.      A judgment that PayPal has infringed and is infringing the '011 patent, directly and/or indirectly, literally and/or or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

N.      A judgment that said infringement was and is willful;

O.      A judgment that the '011 patent is not invalid and is enforceable;

P.      An award of all damages sustained as a result of PayPal's infringement of the '011 patent (including a royalty for post-judgment infringement), together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

Q.      A permanent injunction enjoining PayPal, its officers, directors, agents, servants, affiliates, employees, successors, assigns, divisions, branches, subsidiaries, parents and all others acting in active concert therewith from infringing, inducing others to infringe and contributing to the infringement of the '011 patent;

R.      An award of increased damages, under 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to MoneyCat, by reason of PayPal's willful infringement of the '011 patent;

S.      An accounting for acts of infringement not presented at trial and an award by the Court of additional damages for all such acts of infringement, including damages for all infringing acts occurring after the jury's verdict;

T.      A finding that this case is exceptional;

U.    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

V.    An award of all costs of suit; and

W.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

MoneyCat demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all claims and as to all issues raised by this Complaint that are triable to a jury.

ASHBY & GEDDES, P.A.

*/s/ John G. Day*

John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff MoneyCat, Ltd.*

*Of Counsel:*

H. Joseph Hameline
MINTZ LEVIN COHN FERRIS GLOVSKY
        and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
HJHameline@mintz.com

Seth R. Goldman
Brad Scheller
MINTZ LEVIN COHN FERRIS GLOVSKY
        and POPEO, P.C.
666 Third Avenue
New York, New York 10017
(212) 935-3000
SRGoldman@mintz.com

Howard N. Wisnia
MINTZ LEVIN COHN FERRIS GLOVSKY
        and POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
(858) 314-1500
HNWisnia@mintz.com


Dated:  July 30, 2013