HOWARD N. WISNIA (SBN 184626)
MINTZ LEVIN COHN FERRIS GLOVSKY
    and POPEO, P.C
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
(858) 314-1500
HNWisnia@mintz.com

H. JOSEPH HAMELINE (*pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY
    and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
HJHameline@mintz.com

SETH R. GOLDMAN (*pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY
    and POPEO, P.C.
666 Third Avenue
New York, New York 10017
(212) 935-3000
SRGoldman@mintz.com

*Attorneys for Plaintiff MoneyCat, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONEYCAY, LTD.,<br><br>    Plaintiff<br><br>    v.<br><br>PAYPAL, INC,<br><br>    Defendant | **CASE NO. 5:14-CV-02490-JST**<br><br>**MONEYCAT, LTD.'S ADMINISTRATIVE MOTION TO STRIKE AS IMPROPER PAYPAL'S RENEWED MOTION TO STAY [D.I. 134] AND SCHEDULE THE HEARING DATE FOR THE EXISTING MOTION FOR THE SAME DATE AS THE CMC**<br><br>**JURY TRIAL DEMANDED** |

**MONEYCAT'S ADMINISTRATIVE MOTION TO STRIKE**
**Case No. 5:14-CV-02490-JST**

Plaintiff MoneyCat, Ltd. ("MoneyCat") submits this administrative motion (1) to strike as improper PayPal's Renewed Notice of Motion and Motion to Stay Pending Covered Business Method (CBM) Review Under Section 18(B) of the Leahy-Smith America Invents Act [D.I. 134] and (2) to move the scheduled September 18, 2014 hearing for that motion to a date after the U.S. Patent and Trademark Office (PTO) issues its decision on the CBM Petitions (expected by September 26, 2014) and to the same date as the Case Management Conference (CMC) in this action.  MoneyCat respectfully submits that the parties should be ordered to file a supplemental brief, not exceeding 5-pages, to the previous briefing on the motion to stay no later than one week prior to the CMC.  If this administrative motion is not granted, MoneyCat's opposition is currently due on August 8, 2014.

On July 29, 2014, Counsel for MoneyCat sought to address the issues raised herein with PayPal's counsel and sought PayPal's position by July 30, 2014.  However, no response of any kind (written or oral) has been received from PayPal.  See, Declaration of Howard Wisnia in Support of MoneyCat's Administrative Motion (hereinafter "Wisnia Decl."), ¶ 8, Exh. 4.

**A.  Background**

This patent infringement action was originally filed on July 30, 2013 in the United States District Court for the District of Delaware.  [D.I. 1].  A scheduling order was entered [D.I. 23] and extensive document and written discovery, including exchange of infringement and invalidity contentions took place.  The deadline for substantial completion of all document production was April 14, 2014.  The parties completed the claim construction meet and confer process and filed their joint claim construction chart [D.I. 62] and opening claim construction briefs.  [D.I. 84-88].

Pursuant to PayPal's motion, this action was transferred to this Court on May 15, 2014 [D.I. 96-97].  The Delaware District Court recognized that PayPal may be seeking to delay the

1

action and noted that discovery would remain open during the transfer process. [D.I. 96 at p. 6, fn. 4 & p. 13].

Prior to the transfer order, PayPal had filed a motion to stay the action in view of the CBM Petitions.[1]  [D.I. 58].  Briefing on that motion was fully completed, including a sur-reply, by May 7, 2014.  [D.I. 58-60, 68-74, 80-82].  The Delaware District Court did not act on that motion and it remains pending.  Nonetheless, since the transfer, PayPal has failed to timely provide discovery and has effectively granted itself a stay.

Upon transfer to this district, the case was assigned to Magistrate Judge Grewal and the CMC was set for October 7, 2014.  [D.I. 100].  This date was shortly advanced to July 8, 2014 [D.I. 103]. The case was reassigned, however, to Judge Tigar on June 27, 2014, [D.I. 128] and a new CMC date was set for October 1, 2014.  [D.I. 131].

**B.  PayPal's Renewed Motion is Procedurally Improper**

PayPal's Motion is an unauthorized attempt to file an improper third brief in support of its motion to stay, without prior Court approval in violation of Civil LR 7-3(d).  Moreover, it places undue burden and expense on MoneyCat to brief, again, the same issues.

Civil LR 7-3(d) provides that once briefing has been completed, "no additional memoranda, papers or letters may be filed without prior Court approval" except in certain narrow circumstances not applicable here.  PayPal has not withdrawn its prior motion or sought leave to submit additional briefing.  If anything, PayPal should have simply re-noticed its previously pending motion, without a new memorandum of points and authorities, for a new date convenient for the Court and both parties.  PayPal did not provide any advance notice of its filing of the new motion.  Wisnia Decl. ¶ 7.

---

[1] The CBM Petitions assert that the patents-in-suit are invalid as obvious under 35 U.S.C. § 103. As explained in MoneyCat's opposition to the motion to stay [D.I. 68 at pp. 1-6] the Petitions constitute PayPal's seventh, eighth and ninth attempts to invalidate the MoneyCat patents in the U.S.P.T.O., with each previous attempt being a failure.

2

MONEYCAT'S ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:14-CV-02490-JST

Not only does PayPal's action violate the local rules, it is inconsistent with the procedure the parties had been working on. During the Rule 26(f) telephonic meet-and-confer on June 16, 2014, the parties discussed the possibility of seeking leave from the Court to file additional, 5-page submissions relating to PayPal's motion to stay. Wisnia Decl. ¶ 1 & 2. There was no suggestion of an entire new round of briefing. *Id.*

### C. Fairness and Common Sense Dictates Moving the Scheduled Hearing Date and Briefing

Given the advanced stage of this case prior to transfer, on July 8, 2014, MoneyCat's counsel emailed PayPal's counsel expressing interest in asking this Court to move the CMC date of October 1, 2014 up to the first available date in July or August. Wisnia Decl., ¶ 3, Exh. 3. On July 9, 2014, MoneyCat's counsel and PayPal's counsel spoke on the phone, wherein PayPal's counsel expressed interest in maintaining the October 1, 2014 CMC date in view of the September 26, 2014 deadline for the PTO to decide whether to grant the CBM petitions. Wisnia Decl., ¶4. PayPal's counsel believed this decision may influence the Court's decision on whether to stay the action and stated that the parties and Court would benefit from having that decision. PayPal's counsel did not suggest that it would file a new motion to stay set for a date prior to the CBM decision date as this would be at odds with its position. *Id.*

MoneyCat's counsel indicated that it would check the Court's schedule for an earlier CMC date. MoneyCat's counsel spoke with the Deputy Clerk on July 10, 2014, learning that the Court's first availability for a CMC was August 20, 2014, during which the Court already had numerous CMCs scheduled. *Id.* at ¶ 5.

On July 16, 2014, during a telephonic discovery-related meet-and-confer, MoneyCat's counsel informed PayPal's counsel of the Court's availability for a CMC. *Id.* That same day, MoneyCat's counsel, Brad Scheller telephoned PayPal's counsel, Jared Bobrow, to discuss the

3

MONEYCAT'S ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:14-CV-02490-JST

conversation with the Deputy Clerk further.  Mr. Scheller left a message with Mr. Bobrow's assistant to please return his call.  Mr. Scheller did not receive a return message.  *Id.* at ¶ 6.

As explained in MoneyCat's opposition [D.I. 68], PayPal's motion to stay should be denied for a variety of reasons.  In any event, the motion is entirely premature until the USPTO acts on the petitions.  As Federal Circuit Judge Bryson, sitting by designation in the district court, recently recognized "[s]ince the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending . . . CBM review. . . . [T]he majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Loyalty Conversion Sys, Corp. v. American Air., Inc.,* 2:13-CV-655, Dkt. No. 112 at 2 (E.D. Tex. July 29, 2014)[2] (collecting cases).

### D. Conclusion

Accordingly, MoneyCat respectfully submits that the motion to stay should be set for the same day as the CMC, which is currently set for October 1, 2014 (i.e., after the USPTO's deadline to decide whether to grant the CBM petitions).  PayPal's latest briefing should be struck and the parties ordered to submit updates to their previous briefing of no more than 5 pages no later than one week prior to the CMC.

---

[2] Attached as Exhibit 5 to Wisnia Decl.

4

Dated July 31, 2014

                    MINTZ LEVIN COHN FERRIS GLOVSKY
                        and POPEO, P.C.

*/s/ Howard N. Wisnia*

_____

Howard N. Wisnia
MINTZ LEVIN COHN FERRIS GLOVSKY
    and POPEO, P.C.

*Attorney for Plaintiff MoneyCat, Ltd.*

5